```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

KING COAL CHEVROLET CO.,

       Plaintiff,

v.                                  Civil Action No. 2:12-5992

GENERAL MOTORS CO. and
GENERAL MOTORS LLC,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is defendants' motion for leave to file documents under seal ("motion to seal") supportive of their response to plaintiff's motion for a preliminary injunction, filed October 16, 2012.

Defendants assert that the documents tendered for confidential treatment qualify for sealing despite the common-law right of public access. They contend as follows:

> In this case, the public's right of access is outweighed by the interests of third parties not involved in this matter. Exhibit A is a Settlement Agreement that GM entered into with Lewis, which is not a party to this case. The Settlement Agreement contains a confidentiality provision and reflects commercially sensitive information about Lewis' business operations. Exhibit D contains information related to a dealer's sales and operations, including detailed financial data. <u>The dealer may contend</u> that the document contains confidential or proprietary information. Both Lewis and Beckley Buick/GMC &

> Hometown Automotive Group <u>could be commercially harmed</u> if Exhibits A and D are made publicly available. To protect the interests of those third parties, GM respectfully requests leave to file Exhibits A and D under seal. Redaction would not be sufficient because Exhibit A is in and of itself confidential and Exhibit D is rife with information the third party dealer <u>would likely consider</u> to be confidential and proprietary.

(Memo. in Supp. at 2 (emphasis added)).  The emphasized portions above are phrased in conditional terms.  Apart from that deficiency, defendants have discussed only a portion of the potentially applicable body of law governing the sealing of court documents.

The court first notes that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." <u>Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.</u>, 203 F.3d 291, 303 (4th Cir. 2000).  The right of public access to court documents derives from not one, but two, separate sources: the common law and the First Amendment.  The common law right affords presumptive access to all judicial records and documents.  <u>Nixon v. Warner Comms., Inc.</u>, 435 U.S. 589, 597 (1978); <u>Stone v. University of Md. Medical Sys. Corp.</u>, 855 F.2d 178, 180 (4th Cir. 1988).  The presumption can be rebutted, however, if competing interests outweigh the public's right of

2

access.  Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984).  In weighing the interests, the court should consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."  Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235).  The party seeking to overcome the presumption of access bears the burden of showing such competing interests.  Rushford v. New Yorker Magazine Inc., 846 F.2d 249, 253 (4th Cir. 1988).

"In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'"  Virginia Dept. of State Police, 386 F.3d at 575 (quoting Stone, 855 F.2d at 180).  For such records and documents, the First Amendment demands that "the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest."  Virginia Dept. of State Police, 386 F.3d at 575 (quoting Rushford, 846 F.2d at 253).  "Regardless of whether the

3

right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" Id. at 576 (quoting Stone, 855 F.2d at 182).

As noted in Virginia Department of State Police, the earlier decision in Rushford observed:

> that summary judgment "serves as a substitute for a trial" and that we had held in a prior case that the First Amendment standard should apply to documents filed in connection with plea and sentencing hearings in criminal cases, . . . [leading to the further holding in Rushford] that "the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case."

Virginia Dept. of State Police, 386 F.3d at 576.

Based upon the foregoing discussion, defendants' sealing request is infirm on at least two grounds. First, the factual showing in support of the sealing request is based in part on conditional assertions that might easily be substantiated, or eviscerated, by contacting the affected third parties and requesting that they provide affidavits respecting their considered views on the necessity and extent of confidentiality. Second, no discussion is offered by defendants concerning whether the First Amendment right of public access extends to documents submitted in connection with a preliminary injunction motion. Rushford, 846 F.2d at 253.

4

It is, accordingly, ORDERED that any party may offer the omitted information above, along with any other argument in favor of sealing, no later than October 31, 2012.  The documents tendered for sealing will remain provisionally under seal pending the further order of the court.  Absent their earlier withdrawal, the tendered filings will be unsealed if the necessary showing in support a sealing order is not made.  It is further ORDERED as follows:

1. That the motion to seal be, and it hereby is, denied without prejudice; and

2. That any revised sealing request be, and it hereby shall, give thorough and studied consideration to the alternatives to sealing, such as redaction, as to those portions of the tendered documents for which confidentiality is unnecessary, and bearing in mind that sealing is the infrequent exception and not the rule.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

ENTER: October 23, 2012

John T. Copenhaver, Jr.
United States District Judge