```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                       AT CHARLESTON


KING COAL CHEVROLET CO.,

        Plaintiff,

v.                                   Civil Action No. 2:12-5992

GENERAL MOTORS CO. and
GENERAL MOTORS LLC,

        Defendants.
```

## MEMORANDUM OPINION AND ORDER

On November 2, 2012, the court granted an extension until November 5, 2012, for any briefing relating to a motion to seal previously filed herein. On that date, the court received the defendants' supplemental response on the matter. The defendants have since withdrawn their request to seal the two documents in question, however, namely, (1) a redacted settlement agreement and release, and (2) a proposal by Beckley Buick/GMC & Hometown Automotive Group ("proposal") which are, respectively, Exhibits A and D to the Declaration of Timothy D. Hudgens filed in support of the defendants' response to the plaintiff's motion for a preliminary injunction.

The defendants assert that "Plaintiff plans to file material to support maintaining the proposal under seal,

including an affidavit in support of filing the document under seal."  (Supp. Resp. at 2).  At the court's direction, the plaintiff was given leave until November 13, 2012, to file any materials in support of sealing.  The court has now received the plaintiff's supplemental response.

The supplemental response takes account of the law governing the sealing of court documents.  It further offers only limited redactions to the proposal.  It appears that the only redactions to the 39-page document cover "private financial information that is not relevant to the Court's consideration of" the motion for a preliminary injunction.  (Supp. Resp. at 4; see also id. ("The redacted information in the Proposal is related to the sales and operations of Hometown Automotive Group and Beckley GMC-Buick, two dealerships owned by the principals of King Coal that are not involved in this litigation, as well as the private financial information of King Coal's principals.  The redacted information is highly confidential and proprietary information that is commercially sensitive and may be used against King Coal's principals by those seeking to gain an unfair business advantage.").

The court concludes that the redacted version of the proposal permits any interested parties and the general public

2

to review and appreciate the impact of the proposal, if any, on the proceedings herein.  In the event that any information redacted from the proposal is subsequently used or relied upon by the parties or the court in the course of adjudicating this matter, it will be reassessed for disclosure purposes in light of the dual rights of public access.

Based upon the foregoing discussion, it is ORDERED as follows:

1. That the defendants be, and they hereby are, directed to file on the public record the redacted settlement agreement and release for which they no longer seek a sealing order; and

2. That the plaintiff be, and it hereby is, directed to file on the public record the redacted proposal attached to its November 13, 2012, supplemental response.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

ENTER: November 20, 2012

John T. Copenhaver, Jr.
United States District Judge

3